JOSEPH D. ALTER and LYNN R. ALTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alter v. Commissioner
Docket No. 27456-81.
United States Tax Court
T.C. Memo 1986-471; 1986 Tax Ct. Memo LEXIS 140; 52 T.C.M. (CCH) 628; T.C.M. (RIA) 86471; September 23, 1986. *140 Joseph D. Alter, pro se. Sidney A. Soltz, for petitioner Lynn R. Alter. John F. Hernandez, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: In a statutory notice of deficiency dated August 6, 1981, respondent determined a deficiency in petitioners' Federal income tax liability for 1977 in the amount of $1,181,411.59, plus an addition to tax under section 6653(b)[1] in the amount of $618,059. Petitioner Lynn R. Alter and respondent have settled all issues concerning her liability for the tax deficiency and addition to tax determined herein. Hereinafter, Joseph D. Alter will be referred to as "petitioner." The issue for decision is whether (in light of petitioner's failure to respond to respondent's request for admissions) there remains any material issue of fact in dispute and whether summary judgment may be entered in favor of respondent against petitioner Joseph D. Alter for the entire amount of the tax deficiency and addition to tax determined in the notice of deficiency. Rule 121. At the call of this case for trial on September 8, 1986, in Miami, Florida, petitioner did not appear. *141 The notice of deficiency made five adjustments increasing petitioners' income for 1977 as follows: Adjustment
Amount
(1) S Corporation Income
$1,689,692
(2) Compensation
18,000
(3) Long-Term Capital Gain
8,462
(4) Depreciation Disallowed
26,000
(5) Medical Expenses Disallowed
2,036
Total Increase
$1,744,190
In the petition, petitioner did not contest the two adjustments relating to additional compensation and long-term capital gain, nor did he contest the two adjustments reducing the depreciation and medical expenses claimed on petitioner's tax return. Petitioner is deemed to have conceded those issues. Rule 34(b)(4). [2]
On June 24, 1986, respondent served on petitioner a request *142 for admissions. Petitioner filed no response to respondent's request for admissions and accordingly is deemed to have admitted same. Rule 90(c). With regard to respondent's adjustment to petitioner's taxable income in the amount of $1,689,692 from a subchapter S corporation, and with regard to respondent's determination of the addition to tax under section 6653(b), paragraphs 1 through 27 of the request for admissions state as follows: 1. During the calendar year 1977, petitioner Joseph D. Alter was the president and sole stockholder of J.D.A. Farms, Inc., a subchapter S corporation. 2. J.D.A. Farms, Inc., managed the Miami operations of Crown Colony Options, Ltd., a New York corporation engaged in the business of selling commodity options on the London Commodity Exchange. 3. J.D.A. Farms, Inc., reported its income on a fiscal year basis, during the fiscal year ending June 30. 4. In the fiscal year ending June 30, 1977, the corporation received net income of not less than $1,689,692.00 from its management business. 5. Neither the petitioners for calendar year 1977 nor J.D.A. Farms, Inc., for fiscal year ending June 30, 1977, timely filed their respective income tax *143 returns. 6. The Federal income tax return for J.D.A. Farms, Inc. (Form 1120-S) for the fiscal year ending June 30, 1977 and the petitioners (Form 1040) for calendar year 1977 were filed on October 16, 1978. 7. On the return filed by the petitioners for calendar 1977, they showed no income from J.D.A. Farms, Inc. 8. Petitioner Joseph D. Alter's distributable net income from J.D.A. Farms, Inc., for its taxable year ending June 30, 1977 was $1,689,692.00. 9. During the perid from October 14, 1977, through December 30, 1977, petitioner Joseph D. Alter received from J.D.A. Farms, Inc., $1,500 per week as salary, the payments totalling $18,000.00. 10. None of the salary drawn from J.D.A. Farms, Inc., discussed in paragraph nine was reported on the return filed by the petitioners for taxable year 1977. 11. During calendar year 1977, the petitioners sold residential rental property in Miami Beach including furnishings, for $220,000.00. 12. The petitioners' basis in the property described (in paragraph eleven, above) was $153,986.38. 13. The petitioners understated on their 1977 individual Federal income tax return the long term capital gain they realized on the sale *144 of the property (described in paragraph eleven, above) by the amount of $37,132.47 (basis per return of $91,118.85 less corrected basis of $153,986.38). 14. The petitioners understated on their return filed for 1977, the amount of taxable income attributable to the sale of the property (described in paragraph eleven) by the amount of $8,462.00. 15. The petitioners claimed on their return filed for 1977, a basis in a building purchased on August 1, 1976 from W.C.A. International, Inc., of $450,000.00. 16. The petitioners' true basis in the building (described in paragraph fifteen) was $80,000.00. 17. The petitioners claimed a depreciation deduction on their Federal income tax return filed for calendar year 1977, attributable to the building discussed in paragraph fifteen, in the amount of $30,000.00. 18. The correct depreciation deduction the petitioners should have claimed on the building discussed in paragraph fifteen for calendar year 1977 was $4,000.00 19. The petitioners unreported their income for calendar year 1977 in the amount of $1,744,190.00. 20. During the period September 22, 1976 to May 11, 1977, petitioner Joseph D. Alter received a total amount of *145 $1,294,000.00 from the exchange of cashier's checks purchased by J.D.A. Farms, Inc. 21. As president and sole shareholder of the subchapter S corporation J.D.A. Farms, Inc., petitioner Joseph D. Alter was cognizant of all its business activities. 22. The petitioners' correct tax liability for taxable year 1977 was $1,226,686.00. 23. The petitioners reported on the return filed for taxable year 1977 a tax liability of $44,706.41. 24. The petitioners have a deficiency in income tax for taxable year 1977 in the amount of $1,181,411.59. 25. The petitioners willfully and fraudulently, with intent to evade and defeat tax failed to report $1,744,190.00 of taxable income received in taxable year 1977. 26. The petitioners willfully and fraudulently, with intent to evade and defeat tax failed to pay income tax for taxable year 1977 in the amount of $1,181,411.59. 27.The petitioners are subject to the penalty, pursuant to I.R.C. section 6653(b), for their underpayment of tax for taxable year 1977. As explained, based upon the foregoing request for admissions and petitioner's failure to respond thereto, it is established herein as a matter of law that *146 petitioner's share of the taxable income of J.D.A. Farms, Inc., in 1977 was $1,689,692. Petitioner's failure to report any portion thereof on his 1977 tax return also is established, as is his failure to report on his 1977 tax return substantial payments of salary and capital gain income and his deduction of erroneous depreciation expenses. Such facts not only establish the correctness of the tax adjustments determined herein but also establish petitioner's liability for the addition to tax under section 6653(b). Summary judgment in favor of respondent against petitioner, Joseph D. Alter, is appropriate and respondent's motion will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Rule 34(b)(4) provides as follows: (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered.↩